[No. 56804-3-I.   Division One.   August 21, 2006.]

*In the Matter of the Marriage of* BERNADETTE J. PARKER, *Respondent*, and DENNIS A. PARKER II, *Appellant*.

---

[19] 24 Wn. App. 1, 8, 600 P.2d 573 (1979).

[20] *Id.*

[21] *Id.*

[22] *Id.*

466

*Laura E. Christensen Colberg* (of *Michael W. Bugni & Associates*), for appellant.

*Christina L. Corwin* (of *Reed Longyear Malnati*), for respondent.

¶1 BECKER, J. — The parenting plan at issue in this appeal precludes contact between the children and the father's girl friend. At the time the court entered the parenting plan, the girl friend had a history of drug abuse that led to restrictions on her contact with her own children. Since then, she and the father began to live together, and they have had a child together. The father petitioned for a minor modification, presenting evidence that the girl friend has substantially complied with treatment recommendations and is now allowed unsupervised visitation with her own children. We conclude this showing of a substantial change in the father's circumstances is adequate cause for a hearing on his request to lift the no-contact order and increase his residential time.

¶2 Bernadette and Dennis Parker are parents of twin daughters born in 1999. The Parkers began dissolution proceedings in March 2003. A temporary parenting plan entered in December 2003 designated Bernadette as the primary residential parent. The plan provided Dennis with residential time on alternating weekends and Wednesday evenings. It included minimal holiday visitation and no vacation time in the summer. The plan listed no restrictions on Dennis's contact with the children, but it did restrict their contact with his girl friend, Andrea Pena.

¶3 Andrea is divorced. Her parenting plan, entered in September 2002 when her own two daughters were eight and five years old, restricted her residential time with them under RCW 26.09.191(3). The restriction was based on the court's finding that Andrea suffered from long-term impairment from substance abuse. She was allowed to visit her children in California on weekends at the home of their maternal grandparents, under the supervision of the grandparents, and only if she complied with certain conditions

related to maintaining sobriety during her visits. Not only was she required to abstain from the use of alcohol or drugs, she also was to provide documentation of a negative urinalysis report at least 24 hours before a weekend visit. Andrea was also directed to undergo a complete psychiatric and psychological evaluation to address mental health issues, to comply with all recommendations for treatment, and to participate in weekly meetings of a group such as Alcoholics Anonymous. The order provided for a review hearing in two years' time, with the opportunity to request removal of the restrictions if Andrea showed she had complied with the conditions and maintained sobriety for two years.

¶4 Andrea and Dennis were involved with each other when the temporary parenting plan was entered in the Parker dissolution proceeding in December 2003. The plan stated that Andrea was not to be allowed contact with the Parker twins "at any time, for an undisclosed period of time. (Loss of custody of her own children). Her past choice of employment."[1] Dennis and Bernadette Parker both initialed the page containing this provision and signed the plan.

¶5 The trial was set for March 15, 2004. On that day, Bernadette was present with counsel, but Dennis was neither present nor represented. The trial court conducted a brief trial to establish proof of essential facts. Bernadette proposed a final parenting plan that was substantially the same as the temporary plan. At the end, under "Other Provisions," the plan stated that the father "shall not allow the children to have any contact with Andrea Pena." Bernadette testified that Dennis had read her proposed plan. The court found it to be in the best interest of the children and approved it.

¶6 In January 2005, Dennis unsuccessfully attempted to vacate the parenting plan under CR 60(b). On May 4, 2005, Dennis moved for a minor modification of the

---

[1] At some point before the entry of this plan, Andrea Pena had a web site advertising "sensual body work."

parenting plan. He sought to expand his visitation by adding more holidays and vacation time to the existing plan. He also sought to have the court lift the no-contact order against Andrea. A minor modification to a residential schedule and an adjustment such as the lifting of a no-contact order each require a showing of a substantial change of circumstances of either parent or of the child. RCW 26.09.260(5), (10).

¶7 In order to obtain a show cause hearing on a petition to modify a parenting plan, the petitioner must by affidavit present facts that establish adequate cause for the proposed modification. RCW 26.09.270. Dennis alleged that his own circumstances had changed since the entry of the March 2004 plan, as shown by the following facts: he and Andrea now live together; they are engaged to be married; they have a child together, a boy born in September 2004; Andrea has been sober for over two years; and the restrictions against Andrea pertaining to her own daughters have been lifted. Dennis submitted Andrea's drug treatment records and reports showing she had clean urinalysis tests from March to September 2004. The record also includes a court order entered in October 2004, after the two-year review hearing contemplated in Andrea's parenting plan. The order states that Andrea had substantially complied with the conditions imposed and that her ex-husband had already been allowing her to have unsupervised visits with her own children. These visits had gone well. The order releases Andrea from the urinalysis requirement and from supervised visitation, with a further review hearing contemplated in California after another six months.

¶8 Bernadette opposed the petition on the ground that Dennis had not shown adequate cause for the proposed modifications. She argued that his circumstances were substantially unchanged and that eliminating the restriction on the children's contact with Andrea was not in their best interest.

¶9 A superior court commissioner dismissed Dennis's petition for lack of adequate cause. Dennis moved for

revision. The trial court denied the motion in July 2005, ruling that Dennis "seeks to do more than a minor modification, i.e., to remedy his failure to participate in trial. And further, has failed to show substantial change of circumstances in his own situation." This appeal followed.

¶10 At the heart of the appeal is the no-contact order that prevents Andrea from being around the Parker twins. Andrea now lives with Dennis and is the mother of his infant son. If Dennis has his daughters at home on evenings and weekends during his residential time with them, Andrea must leave the house and go somewhere else. This awkward and unnatural arrangement, according to Dennis, is unnecessary because the evidence of Andrea's continued sobriety and the lifting of the restriction in her own parenting plan show that she no longer poses any threat to the safety of his girls.

██ ¶11 A trial court's adequate cause determination under RCW 26.09.270 will be overturned only for abuse of discretion. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 104, 74 P. 3d 692 (2003). To establish adequate cause, the petitioner has the burden of showing a substantial change of circumstances. The determination of a substantial change must be grounded on facts that "have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan." RCW 26.09.260(1). Unknown facts include those facts that were not anticipated by the court at the time of the prior decree or plan. *In re Marriage of Hoseth*, 115 Wn. App. 563, 569-71, 63 P.3d 164 (2003).

██ ¶12 The trial court rejected the argument that Andrea's additional two years of sobriety amounted to a substantial change of circumstances. The rationale is reflected in the oral ruling: "There wasn't something in the parenting plan saying if she gets treated and stays sober for some particular length of time, that the parenting plan would change or be reviewed." But the fact that the Parker parenting plan did not anticipate the possibility of Andrea's successfully completing treatment for drug abuse supports

Dennis's position. In March 2004, when the parenting plan was entered, Andrea was still under significant restriction with respect to visiting her own children. The hearing in which this restriction would be lifted was still six months in the future. The record shows that "[l]oss of custody of her own children" was the major basis for precluding Andrea's contact with the Parker children. Because no one could have known at the time that Andrea would remain sober long enough to regain her right to have unsupervised visitation with her own children, this fact was "unknown." If she has indeed done so, the major reason for the no-contact order in the Parker parenting plan is no longer present. Absent proof that Andrea is unsafe to be around the Parker children, it is in their best interest to be able to visit their father in the company of Andrea and their new half brother. We conclude there is no tenable basis for denying Dennis the opportunity to proceed to a show cause hearing on whether the no-contact order should be lifted.

¶13 Dennis contends that the show cause hearing should also address his request for expanded residential time. Two issues are involved in this request. The first, whether he has made a showing of a substantial change in circumstances as needed for a minor modification, is resolved in his favor by our reasoning about the no-contact order. The evidence of Andrea's ability to function in a normal family role provides a basis for reassessing the residential schedule and perhaps allocating more holiday and vacation time to Dennis.

¶14 The second issue is whether the new residential schedule Dennis has proposed is within the scope of a minor modification. A proposed modification to a parenting plan will be considered minor so long as it does not change the child's primary residence and does "not exceed twenty-four full days in a calendar year." RCW 26.09.260(5)(a). The parties debate whether the schedule proposed by Dennis is just under or just over the 24 day limit. The counting process is somewhat complicated because it involves fractions of days and has variations depending on who has a

holiday in a particular year. We do not propose to decide in this appeal which side has counted more accurately. Dennis plausibly represents that what he has proposed does not add more than 24 full days to the existing schedule. To establish adequate cause, this is sufficient. If Dennis is ultimately successful in proving his case for a minor modification, the trial court can ensure that any revisions do not add more than 24 days to his current yearly allotment.

¶15 We conclude that Dennis has established adequate cause for a hearing on his proposed modifications to the parenting plan. On remand, the court is to schedule a show cause hearing.

## ATTORNEY FEES

¶16 Both parties request an award of attorney fees and costs on appeal under RCW 26.09.140. Neither has made a showing of relative financial need that could justify an award. Dennis also requests an award of fees based on Bernadette's alleged intransigence. We do not see her conduct as intransigent and therefore reject this request.

¶17 Bernadette requests fees under RAP 9.2 because Dennis did not provide a verbatim report of the revision hearing. Bernadette incurred the cost of providing that record to this court. We deny this fee request as well. While the rule contemplates the possibility that a trial court will order the party seeking review to pay for the cost of providing additional parts of the verbatim report, there is no provision for an award of attorney fees by this court. RAP 9.2(c).

¶18 Reversed. Fee requests denied.

GROSSE and AGID, JJ., concur.