FILED
COURT OF APPEALS
DIVISION II

2013 JUL 30 AM 10: 34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 44037-7-II |
| JOHN WALLACE LUCKWITZ, | |
| Respondent, | |
| and | |
| BANDANA WAIKHOM, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — In this parenting dispute, Bandana Waikhom appeals five post-trial orders. Waikhom argues that the trial court erred by (1) refusing to decline to exercise jurisdiction so that an Ohio court may hear post-trial motions; (2) determining that she failed to show adequate cause to hold a hearing on her motion to modify the parenting plan; (3) entering orders requiring communication between Waikhom and her former spouse, John Luckwitz; and (4) awarding Luckwitz attorney fees. We affirm.

## FACTS

Bandana Waikhom and John Luckwitz were married in 1996 and separated in 2006. They had one child, a son, SL, who was 6 years old at the time of their dissolution in 2010.

No. 44037-7-II

Waikhom moved with SL to Cincinnati, Ohio, while Luckwitz remained in Vancouver, Washington.

In January 2010, the trial court entered a stipulated final parenting plan. Under the parenting plan, SL resided primarily with Waikhom during the school year; however, SL resided with Luckwitz in Cincinnati for one week each month during the school year.[1] The parenting plan further provided that SL would live with each parent for half the time during the summer and winter breaks and that SL would spend all of spring break with Luckwitz.

The trial court appointed a social worker to serve as parenting coordinator "to assist the parties to resolve issues related to residential time." Clerk's Papers (CP) at 64. The trial court authorized the parenting coordinator to make recommendations on issues related to the parenting plan's implementation. But the trial court also limited the parenting coordinator's authority.[2]

In April 2011, even though no proposed parenting plan modifications were pending, Waikhom moved the trial court to decline to exercise its jurisdiction over any future parenting plan matters. The trial court held a hearing in May and denied the motion in an order filed June 2, 2011. The trial court's order found, inter alia, that the trial court was familiar with parenting

---

[1] Although Luckwitz resides primarily in Vancouver, Washington, he maintained a home outside Cincinnati to facilitate his visits with SL.

[2] The trial court's order provided:

> The Parenting Coordinator does not have the authority to modify custody or residential time, to recommend or impose supervision, to modify the authority of a sole custodian, or the recommendations of the child's educators and health care providers, whether they be teachers, educational administrators, doctors, therapists, counselors, psychiatrists, psychologists, or other critical service providers for the child. The parenting coordinator does not have the authority to demand an attorney or a guardian ad litem for the child, because that is solely within the discretion of the Court.

CP at 65.

2

plan issues, having presided over the dissolution action and conducted hearings after entering the dissolution decree.

In May 2012, Waikhom moved to modify the parenting plan. Waikhom asserted that a substantial change in circumstances occurred because SL suffered behavioral problems, which resulted in a private school's decision not to re-enroll him for the following school year. Waikhom's proposed residential schedule would have significantly curtailed Luckwitz's residential time with SL. In response, Luckwitz denied that there was adequate cause for a hearing on the motion but, in the alternative, filed a cross motion to modify the parenting plan to give him more residential time with SL.

Prior to the hearing to determine whether adequate cause to modify the parenting plan existed, the parenting coordinator wrote a report dated May 3, 2012, recommending modifications to the parenting plan.[3] Luckwitz moved in limine to exclude the May 3 report. The trial court denied the motion in limine because, before reviewing the motion, it had already read the report.

However, in determining whether adequate cause existed, the trial court did not consider the opinions expressed in the parenting coordinator's May 3 report, because the opinions relied on hearsay and because the trial court had not authorized the parenting coordinator to make parenting plan recommendations. The trial court then determined that both parties failed to show adequate cause for a hearing on their motions to modify the parenting plan.

---

[3] Although the parenting coordinator's report was dated May 3, it was filed under seal in the trial court on May 18, 2012, as a document supporting Waikhom's motion to modify the parenting plan.

Finding that a lack of communication between Waikhom and Luckwitz affected SL, the trial court also ordered the parents to communicate with one another. Later, the trial court entered a supplemental order directing Waikhom and Luckwitz to communicate civilly.

On June 8, 2012, Waikhom again moved the trial court to decline to exercise its jurisdiction over the proceeding. Citing the reasons for denying Waikhom's first motion to decline jurisdiction, the trial court denied Waikhom's second motion to decline jurisdiction.

Waikhom then moved to reconsider the orders that (1) refused to decline to exercise jurisdiction, (2) determined that there was not adequate cause for a hearing on parenting plan modifications, and (3) required the parents to communicate. Waikhom's motion relied in part on a July 11 letter from the parenting coordinator; in this letter, the parenting coordinator responded to comments the trial court made on the record when denying the parenting plan modification. The trial court excluded this letter from evidence on the motion to reconsider, ruling that Waikhom could have with reasonable diligence produced the information in the letter at the time of her motion to modify the parenting plan.

The trial court denied Waikhom's motion to reconsider the orders. The trial court also awarded Luckwitz $2,000 in attorney fees, ruling that Waikhom had frivolously moved to reconsider the denial of her second motion for an order declining jurisdiction.

No. 44037-7-II

Waikhom appeals.[4]

## ANALYSIS

### I. REFUSAL TO DECLINE JURISDICTION

Waikhom first argues that the trial court erred by refusing to decline jurisdiction. We disagree.

We review a trial court's refusal to decline jurisdiction over a child custody matter for an abuse of discretion. *In re Marriage of Greenlaw*, 123 Wn.2d 593, 609, 869 P.2d 1024 (1994). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons.[5] *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). Under this standard of review, we cannot substitute our judgment for that of the trial court, absent an abuse of discretion. *In re Marriage of Goodell*, 130 Wn. App. 381, 388, 122 P.3d 929 (2005).

It is undisputed that the trial court had exclusive, continuing jurisdiction over this child custody matter. When a trial court has jurisdiction over a child custody matter, it may decline to

---

[4] The notice of appeal lists five orders: (1) the order determining that adequate cause did not exist for a hearing on the motions to modify the parenting plan; (2) the order denying Luckwitz's motion in limine to exclude the May 3 report from evidence, stating that the trial court would not consider opinions in the parenting coordinator's May 3 report, and ordering the parties to communicate; (3) the order denying Waikhom's second motion for an order declining to exercise jurisdiction; (4) the order excluding the parenting coordinator's July 11 letter from evidence, denying Waikhom's motion to reconsider, and awarding attorney fees to Luckwitz; and (5) the supplemental order directing the parties to communicate civilly.

[5] A decision is manifestly unreasonable if it lies outside the range of acceptable choices, given the facts and applicable law. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). A decision is based on untenable grounds if it rests on findings of fact that lack support in the record. *Littlefield*, 133 Wn.2d at 47. A decision is made for untenable reasons if it applies an incorrect legal standard or misapplies the correct legal standard. *Littlefield*, 133 Wn.2d at 47.

exercise its jurisdiction "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." RCW 26.27.261(1). In making this determination, the trial court must consider all relevant factors, including:

> (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> (b) The length of time the child has resided outside this state;
> (c) The distance between the court in this state and the court in the state that would assume jurisdiction;
> (d) The relative financial circumstances of the parties;
> (e) Any agreement of the parties as to which state should assume jurisdiction;
> (f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
> (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
> (h) The familiarity of the court of each state with the facts and issues in the pending litigation.

RCW 26.27.261(2).

Instead of arguing that the trial court abused its discretion, Waikhom invites us to evaluate each of the relevant factors de novo and decide that declining jurisdiction is appropriate.[6] But Waikhom's invitation ignores the applicable standard of review: absent an abuse of discretion, we cannot substitute our judgment for that of the trial court. *Goodell*, 130 Wn. App. at 388. Accordingly, we decline Waikhom's invitation.

Here the trial court considered all of the relevant statutory factors before deciding to not decline jurisdiction. Because the trial court's decision was not manifestly unreasonable, based on untenable grounds, or made for untenable reasons, the trial court did not abuse its discretion. *See Littlefield*, 133 Wn.2d at 46-47. Thus, Waikhom's argument fails.

---

[6] Waikhom does not argue that the trial court (1) failed to consider all relevant factors, (2) weighted the factors improperly, or (3) made findings unsupported by substantial evidence.

## II. ADEQUATE CAUSE DETERMINATION

Waikhom next argues that the trial court erred in finding no adequate cause for modification of the parenting plan. Again, we disagree.

Because changes in custody are highly disruptive to children, there is a strong presumption against modification of custodial arrangements. *In re Welfare of R.S.G.*, 172 Wn. App. 230, 245, 289 P.3d 708 (2012). In general, a trial court may modify a parenting plan only if it finds that (1) a substantial change has occurred in the circumstances of the child or the nonmoving party and (2) the modification is necessary to serve the child's best interests. RCW 26.09.260(1); *see In re Marriage of Parker*, 135 Wn. App. 465, 471, 145 P.3d 383 (2006).

In addition, the party moving for a modification of a parenting plan must submit an affidavit setting forth facts supporting the motion. RCW 26.09.270[7]; *In re Custody of T.L.*, 165 Wn. App. 268, 275, 268 P.3d 963 (2011). Unless the affidavits establish adequate cause for hearing the motion, the court must deny the motion without a hearing. RCW 26.09.270; *Custody of T.L.*, 165 Wn. App. at 275.

Here, Waikhom submitted her own affidavit in support of her motion to modify the parenting plan. Waikhom's motion also relied on the parenting coordinator's report dated May 3, 2012, but the trial court did not consider the opinions in this report when making the adequate cause determination. Later, Waikhom's motion to reconsider the trial court's adequate cause determination relied on the parenting coordinator's July 11, 2012 letter. But the trial court excluded the July 11 letter from evidence on the motion to reconsider.

---

[7] The legislature amended RCW 26.09.270 to insert gender-neutral language. LAWS OF 2011, ch. 336, § 691. But the amendment does not affect our analysis.

Waikhom contends specifically that the trial court erred by (1) refusing to consider information in documents the parenting coordinator submitted to the trial court and (2) ruling that Waikhom failed to establish adequate cause for a hearing on her motion.

A.   *Refusal To Consider Information in Parenting Coordinator's Documents*

Waikhom first argues that the trial court erred by refusing to consider information contained in two documents submitted by the parenting coordinator. We disagree.

1. *Parenting Coordinator's May 3, 2012 Report*

The trial court read the parenting coordinator's May 3, 2012 report but "did not consider the opinions of the parenting coordinator concerning any changes to the child's residential placement" when determining whether Waikhom established adequate cause for a hearing. CP at 443-44. The trial court explained that the parenting coordinator's role was "to help the parents communicate and coordinate their efforts toward the child and not [to] make recommendations about . . . who the child should reside with." 2 Verbatim Report of Proceedings (VRP) at 47-48. Waikhom asserts that the parenting coordinator had authority to make recommendations to the trial court about the parenting plan. But this assertion misconstrues the parenting coordinator's authority.

The order appointing the parenting coordinator made clear that his primary role was "to assist *the parties* to resolve issues related to residential time." CP at 64 (emphasis added). The order authorized the parenting coordinator to make recommendations to the parties about ways to implement the parenting plan or potential modifications they might propose to the trial court. But nothing in the order authorized the parenting coordinator to opine to the trial court on the desirability of proposed modifications to the parenting plan.

The trial court explained that the parenting coordinator must remain neutral to effectively facilitate implementation of the parenting plan by both parents. Therefore, the trial court determined it was not appropriate for the parenting coordinator to ask other experts or SL whether the residential schedule should be changed or to recommend parenting plan changes that clearly favored one parent over another.

Moreover, nothing in the record shows that the parenting coordinator was qualified as an expert witness to give his own opinion[8] or to base his testimony on hearsay.[9] *See* ER 701, 702, 703. Because the parenting coordinator was not authorized or qualified to opine to the trial court on changes in the residential schedule, the trial court did not abuse its discretion in refusing to consider the parenting coordinator's opinions.

### 2. *Parenting Coordinator's July 11, 2012 Letter*

After the trial court determined that adequate cause for a hearing was lacking, the parenting coordinator sent a letter to the trial court dated July 11, 2012. When deciding Waikhom's motion to reconsider the adequate cause determination, the trial court excluded the letter from evidence. The trial court reasoned that the letter contained new information that Waikhom could have with reasonable diligence produced before the trial court made its adequate cause determination.

---

[8] Because the parenting coordinator was a social worker and not a psychologist, it is not clear whether the parenting coordinator was required to follow the standards for parenting evaluations conducted by psychologists. *See* WAC 246-924-445.

[9] The trial court clearly did not credit portions of the parenting coordinator's report stating SL's feelings about the residential schedule. 1 VRP at 27 ("That's the problem I have[:] how [SL] views the parents is through the eyes of the parent coordinator."). It appears that the trial court also did not credit the parenting coordinator's representations about the views of experts such as SL's school principal or therapist.

Waikhom contends that excluding the July 11 letter was error because it contained no new information "that should have been included in [the parenting coordinator's] May report." Br. of Appellant at 41. This contention lacks merit.

A party may move to reconsider a trial court's ruling on the basis of newly discovered evidence that the party could not have with reasonable diligence produced at the time of the ruling. *See* CR 59(a)(4). Thus, it is immaterial whether the "new" information was actually before the trial court at the time of its ruling; the question is whether Waikhom could have, with reasonable diligence, produced the information at the earlier time. The trial court ruled that the July 11 letter was based entirely on information available on June 15, when the trial court heard the adequate cause motion. Waikhom does not argue otherwise, so her argument fails.

B.      *Showing of Adequate Cause for a Hearing*

Waikhom next argues that the trial court erred by ruling that she failed to establish adequate cause for a hearing on her motion to modify the parenting plan. We disagree.

We review a trial court's determination of adequate cause for a hearing on a proposed modification to a parenting plan for an abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 126, 65 P.3d 664 (2003). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Littlefield*, 133 Wn.2d at 46-47.

Adequate cause requires more than prima facie allegations that could support inferences that would establish grounds to modify the parenting plan. *Grieco v. Wilson*, 144 Wn. App. 865, 875, 184 P.3d 668 (2008). At a minimum, adequate cause means evidence sufficient to support a

finding on each fact the moving party must prove to modify the parenting plan. *In re Marriage of Lemke*, 120 Wn. App. 536, 540, 85 P.3d 966 (2004).

Here, the trial court properly determined that adequate cause was lacking. Waikhom's motion alleged, as a substantial change in circumstances, that SL's residential schedule caused him to suffer behavioral problems. But the trial court determined that Waikhom failed to produce evidence sufficient to support a finding that the residential schedule *caused* SL's behavioral problems. Waikhom did not submit affidavits from experts such as SL's therapist, psychiatrist, and principal opining that the residential schedule caused SL's behavioral problems, despite repeated suggestions from the trial court to do so.

In her own affidavit, Waikhom averred that SL "has had increasingly serious behavioral problems during the past two academic years which is also the same period of time that the current residential schedule has been followed." CP at 149. But correlation is not causation. Given the affidavits Waikhom submitted, the trial court did not abuse its discretion in finding that she failed to establish adequate cause for a hearing.

Arguing to the contrary, Waikhom cites the parenting coordinator's May 3 report for various statements attributed to other experts. But the trial court refused to consider the parenting coordinator's May 3 report to the extent it contained hearsay or the parenting coordinator's opinions about the residential schedule. As we have explained, this refusal was proper. The trial court did not abuse its discretion in determining that Waikhom failed to show adequate cause for a hearing.

### III. ORDERS RELATED TO COMMUNICATION

Next, Waikhom argues that the trial court erred by entering two orders related to communication between Waikhom and Luckwitz. We disagree.

A trial court has broad discretion in matters concerning the welfare of children. *In re Marriage of Cabalquinto*, 100 Wn.2d 325, 327, 669 P.2d 886 (1983). We review the trial court's exercise of that discretion for an abuse of discretion. *Cabalquinto*, 100 Wn.2d at 327-28.

The trial court found that "the lack of communication between the parents is a cause of the disputes raised" in their competing motions to modify the parenting plan. CP at 444. After denying the competing motions, the trial court ordered Waikhom and Luckwitz to "comply with the parenting coordinator process and begin communicating directly with each other for the best interest of the child concerning his health, welfare and education." CP at 444. The trial court further ordered Waikhom, Luckwitz, and the parenting coordinator to "[c]reate a plan for improved communications between the parties." CP at 444. Later, the trial court entered a two-part supplemental order stating:

1. Neither parent shall communicate in a manner that is controlling, emotionally abusive, angry or insistent to each other.
2. Each parent shall maintain civility and safety for each other and the child.

CP at 501.

In appealing the two orders, Waikhom does not argue that the record fails to provide a basis for the orders.[10] Instead, Waikhom argues that (1) the orders "distracted from the real issue—the significant harm the residential schedule is causing" SL; and (2) "any communication

---

[10] Waikhom appears to concede that Luckwitz's declarations provide substantial evidence supporting the orders' factual findings.

requirement will likely increase conflict [between the parents] and make [SL]'s situation worse." Br. of Appellant at 44.

However, Waikhom fails to explain how the trial court abused its discretion by entering these communication orders. For that reason, Waikhom's argument fails.

## IV. ATTORNEY FEES

Lastly, Waikhom assigns error to the trial court's order directing Waikhom to pay attorney fees that Luckwitz incurred in responding to Waikhom's motion to reconsider the order denying the second motion to decline jurisdiction. But as Luckwitz points out, Waikhom fails to cite any authority in support of this argument as RAP 10.3(a)(6) requires. Therefore we do not consider it. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

## ATTORNEY FEES ON APPEAL

Citing RAP 18.9(a), Luckwitz contends that this appeal is frivolous and requests reasonable attorney fees on appeal. We deny the request because this appeal is not frivolous.

In determining whether an appeal is frivolous, we must consider the record as a whole. *Skinner v. Holgate*, 141 Wn. App. 840, 858, 173 P.3d 300 (2007). An appeal is frivolous if it is so devoid of merit that there is no reasonable possibility of reversal. *In re Marriage of Healy*, 35 Wn. App. 402, 406, 667 P.2d 114 (1983). Although we reject Waikhom's assignment of error to the determination that she failed to present adequate cause for a hearing, Waikhom's argument

No. 44037-7-II

on this issue was not devoid of merit. Therefore her appeal is not frivolous, and Luckwitz is not entitled to recover reasonable attorney fees.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                          Worswick, C.J.

We concur:

Johanson, J.

Lee, J.P.T.

14