IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parenting & Support of: | ) | No. 39642-8 |
| I.T. | ) | |
| C.T. | ) | UNPUBLISHED OPINION |
| | ) | |
| Minor Children. | ) | |

FEARING, J. — Former husband Kaleb Trinkle appeals the dissolution court's rulings regarding residential time and care of the children he and former wife Jennifer Lucker begat. We reject the appeal because of Trinkle's failure to submit the trial record to this court.

FACTS

The case arises from the dissolution of marital bonds between Kaleb Trinkle and Jennifer Lucker. The two bore two minor children, IT and CT. The parties separated in 2020.

The parties proceeded to trial because of disputes about the provisions of the permanent parenting plan. The lack of a trial transcript stunts our rendition of facts.

PROCEDURE

During trial, the parties identified 116 exhibits. The court admitted many of those exhibits. Kaleb Trinkle, however, forwarded none of the exhibits to this court. Trinkle also failed to file a trial transcript.

After trial, the superior court entered a permanent parenting plan. The parenting plan restricts Kaleb Trinkle's interaction with the children. The plan grants sole decision-making authority for both children to Jennifer Lucker because of a finding that Trinkle engaged in domestic violence and child abuse. Kaleb Trinkle must pay $863.75 in child support per month. The plan proportionately allocates medical expenses. The plan requires Trinkle to pay for all costs of reunification services with IT. Trinkle must pay $15,000 in back child support.

LAW AND ANALYSIS

Dissolution Court Rulings

On appeal, Kaleb Trinkle appeals the dissolution court's rulings that: (1) purportedly conflicted with the dissolution court's oral ruling; (2) found he engaged in a pattern of domestic violence that required restrictions in the parenting plan; (3) denied him equal residential time with the children; (4) granted Jennifer Lucker sole decision-making authority for both children; (5) failed to address a contempt action reserved for trial; (6) allocated child support based on the wrong ruling that granted Lucker primary residential placement; (7) disproportionately allocated medical expenses;

(8) disproportionately allocated reunification expenses; and (9) failed to impose back child support owed on the percentage of time the children spent with him. We decline to consider assignments of error because of the lack of a record.

This court reviews a parenting plan issued by a trial court for abuse of discretion. *In re Marriage of Chandola*, 180 Wn.2d 632, 649, 327 P.3d 644 (2014). An appellate court will only disturb a parenting plan if it is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). Appellate courts are extremely reluctant to disturb family law decisions. *In re Marriage of Underwood*, 181 Wn. App. 608, 326 P.3d 793 (2014).

Kaleb Trinkle does not identify a standard of review for his appeal. He instead asks in each section of his argument for this court to conduct a "thorough appellate review," and "reconsider" the dissolution court's decision. *See e.g.,* Appellant's Br. at 14. Of course, we are unable to determine whether the dissolution court abused discretion without a trial transcript and a party's brief identifying the relevant portions of the transcript.

The appellant must provide the court with a sufficient record to review all issues raised by the appellant. RAP 9.6(a). If the party seeking review intends to urge that evidence does not support a finding of fact, the party should include in the record all evidence relevant to the disputed finding. RAP 9.2(b). When an appellant challenges the trial court's findings as being supported by insufficient evidence but fails to provide this

3

court with a complete trial record, including all exhibits and the trial transcript, this court cannot fairly evaluate the findings in light of the evidence. *In re Parentage & Custody of A.F.J.*, 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011), *aff'd* 179 Wn.2d 179, 314 P.3d 373 (2013). Under such circumstances, this court treats the findings as verities. *Happy Bunch, LLC v. Grandview N., LLC*, 142 Wn. App. 81, 90, 173 P.3d 959 (2007); *St. Hilaire v. Food Servs. of Am., Inc.*, 82 Wn. App. 343, 351-52, 917 P.2d 1114 (1996); *Rekhi v. Olason*, 28 Wn. App. 751, 753, 626 P.2d 513 (1981); *Gaupholm v. Aurora Off. Bldgs., Inc.*, 2 Wn. App. 256, 257, 467 P.2d 628 (1970).

Because of the lack of a record, we summarily move through Kaleb Trinkle's assignments of error. Kaleb Trinkle asserts the trial court erred when rejecting the doctrine of shared parenting allegedly promulgated in RCW 26.09.187(3) and RCW 26.09.002. According to Trinkle, the trial court accepted allegations of misconduct asserted by Jennifer Lucker against him, but conversely refused to equally weigh allegations of misconduct asserted by Trinkle against Lucker. As the argument continues, the trial court neglected allegations made by Kaleb Trinkle wherein a social service agency found Jennifer Lucker to be the instigator and perpetrator of repeated abuse. In turn, the trial court overly relied on each party's involvement in their children's medical appointments to determine the children's primary caretaker. Kaleb Trinkle cites *In re Marriage of McDole*, 122 Wn.2d 604, 859 P.2d 1239 (1993), to support his

4

contention that a court must weigh the parents' testimony as part of its broader assessment of all the evidence and circumstances relevant to the child's best interests.

Kaleb Trinkle also maintains that the trial court improperly considered only recent behavior to establish parental roles. Trinkle contends *In re Parentage of J.M.K.*, 155 Wn.2d 374, 119 P.3d 840 (2005) cautions against establishing parental roles based solely on recent behavior that may not reflect the overall contribution and involvement of each parent.

Kaleb Trinkle claims that clear testimony established that he acted to care for his children and keep them free from conflict, whereas Jennifer Lucker did not. In turn, according to Trinkle, the trial court failed to sufficiently acknowledge the troubling relationship with the children. Kaleb Trinkle cites *In re Custody of Shields*, 157 Wn.2d 126, 136 P.3d 117 (2006) for the proposition that the parties' actual behavior is critical in assessing the best interests of the child. Finally, Trinkle complains that the trial court did not fully consider his testimony that, contrary to allegations, he did maintain a paddle in his home used to discipline his children.

When citing case law to support his assignments of error, Kaleb Trinkle fails to discuss the cases he cites beyond the stated "holdings." He also fails to reference a page number for any of the purported case holdings.

All of the arguments asserted by Kaleb Trinkle in support of his being a proper parent and Jennifer Lucker performing poorly as a parent require a review of trial

testimony and exhibits. Because of the lack of these papers, the court must decline to decide the merits of the assertions.

Kaleb Trinkle next alleges the trial court erred in finding he committed domestic violence. According to Trinkle, his conduct did not fall within the statutory definition of "domestic violence" supplied in former RCW 26.50.010(3) (2019), repealed in 2021. Trinkle faults the dissolution court for relying only on mere allegations by Jennifer Lucker. Trinkle, in turn, argues that Jennifer Lucker committed domestic violence. To repeat again and again, this court cannot resolve the merits of this assignment of error because of the lack of a dissolution court record.

Kaleb Trinkle argues the trial court erred by granting sole decision-making authority to Jennifer Lucker. He concedes, however, that, if this court upholds the dissolution court's finding that he engaged in domestic violence, this argument fails. Because we lack a record to determine the insufficiency of evidence for a finding of domestic violence, this court must reject this assignment of error. We must accept the dissolution court's findings as verities.

The trial court entered restrictions against Kaleb Trinkle for domestic violence *and child abuse*. Trinkle does not assign error to the finding of child abuse.

Kaleb Trinkle complains about a contradiction in the trial court's oral findings and written orders as to his custodial time. In its oral findings, the trial court stated that:

6

> The parenting plan will be as follows. There will be some edits for [I.T.] as we reintegrate her into Mr. Trinkle's home. Week one will be Friday release of school with Mr. Trinkle until Monday return to school. If there's no school on Monday it will be Tuesday and we'll get into that when we talk about holidays. Week two will be Wednesday from release of school or 3:00 if no school to Friday return to school.

Rep. of Proc. at 19. According to Trinkle, because his children do not attend school on Mondays in the summer, his custodial time is reduced by a full day each period he has them.

Kaleb Trinkle miscomprehends the trial court's ruling. The dissolution court stated that the Monday alteration was for *holidays*. Summer is not two months of holidays on every weekday. As such, Trinkle's time during the summer would largely be the same as during the school year, just as the trial court expressly ruled: "The Summer Schedule is the **same** as the School Schedule . . . ." Clerk's Papers at 13. While the parenting plan contains alterations for extended vacations and the drop-off time during the summer, neither the oral ruling or written order decreased Trinkle's time by a full day.

Kaleb Trinkle argues that the trial court erred by failing to resolve a contempt action he claims he reserved for trial. Jennifer Lucker answers that Trinkle waived his contempt request when he failed to either set a review hearing or raise the issue at trial. Trinkle forwarded no records to this court supporting his assertion that he filed a motion

for contempt. This court cannot determine whether the trial court erroneously rejected any motion.

Kaleb Trinkle contends the trial court failed to factor in the actual parenting time of the parties when determining child support. He cites RCW 26.19.075 to support this argument. According to Trinkle, since the parties are "nearly" at a 50/50 schedule, child support should mirror those percentages. To repeat once more, this court lacks the trial record necessary to review this assignment of error.

Kaleb Trinkle contends the trial court's distribution of medical expenses does not mirror the income differences between the parties. According to Trinkle, the allocation violates inherent fairness concerns codified in RCW 26.19.080. This court has no exhibits or trial testimony that establish the respective incomes of the parties.

Kaleb Trinkle alleges the trial court improperly assigned the entire cost of reunification therapy to him, in contradiction to RCW 26.19.080. We suspect that the need for the reunification services is the domestic violence and child abuse found by the trial court. Regardless, the record on review does not show the parties' respective incomes.

Kaleb Trinkle maintains that the trial court did not consider the actual custodial time of the parties under the temporary parenting plan. According to Trinkle, the plan initially awarded equal custody, but changed due to interference by Jennifer Lucker. The record on review does not confirm these assertions.

Attorney Fees

Jennifer Lucker seeks an award of reasonable attorney fees and costs on appeal. Under RAP 18.1(a), an appellate court may grant a party attorney fees if expressly requested and the applicable law grants that party a right to recover reasonable fees or expenses. RAP 18.1 does not provide the test for an award, but rather directs the appellate court to look at any applicable statutes, contracts between the parties, or relevant case law. If, however, a statute does not grant the requesting party a right to recover, the court will deny the request. We decline to grant Lucker fees because the rules, to which she cites, do not apply.

Jennifer Lucker first cites to appellate court rules, namely Rules of Appellate Procedure (RAP) 10.3 and 9.2. RAP 10.3 governs the content of an appellate brief. RAP 9.2 discusses the report of proceedings. Neither rule grants a right to recovery. While RAP 9.2(d) discusses expenses, it makes no reference to a right of recovery of attorney fees. *In re Marriage of Parker*, 135 Wn. App. 465, 473, 145 P.3d 383 (2006). RAP 9.2(d) instead permits a court to impose sanctions under RAP 18.9 for noncompliance. RAP 18.9(a), in turn, authorizes sanctions, not attorney fees.

Jennifer Lucker next cites CR 11(a)(2). We presume she intended to cite CR 11(a)(2). CR 11(a)(2) imputes upon a signing attorney the legal duty to only make arguments warranted by existing law or made in a good faith argument for changing the law. CR 11(a) expressly references reasonable attorney fees, to be paid by the person

No. 39642-8-III
*Parenting & Support of I.T. & C.T.*

who signed it, a represented party, or both. Nevertheless, CR 11 only applies to proceedings in the superior court. CR 1.

## CONCLUSIONS

We affirm the dissolution court's rulings. We deny Jennifer Lucker's application for attorney fees and costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.