IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 41124-9-III |
| CELESTE MCCORMICK | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EMMETT MCCORMICK, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — Emmett McCormick appeals a superior court commissioner's order dismissing his petition for a minor modification under RCW 26.09.260(5) of the residential schedule in the parties' parenting plan for failing to establish adequate cause for a hearing on his petition.

We hold that the trial court abused its discretion by failing to consider whether Emmett made a plausible showing that his proposed schedule change would not exceed 24 full days in a calendar year. The trial court failed to otherwise determine whether Emmett demonstrated a substantial change in circumstances and we decline to do so for the first time on appeal. We reverse and remand with instructions for the court to

determine if Emmett has demonstrated a substantial change in circumstances sufficient to provide adequate cause for a hearing on his petition.

BACKGROUND

Emmett McCormick and Celeste McCormick[1] are the parents of D.M. After the parties divorced, a final parenting plan was entered. Under the plan, D.M. was scheduled to reside with Emmett beginning on the morning of Emmett's second day off work through Emmett's last day off work, not to exceed five continuous overnights. The summer schedule remained the same as the school schedule, except each parent was allowed 14 uninterrupted days of vacation time with D.M. Holiday parenting time rotated between Emmett and Celeste, with D.M. staying with Emmett in odd years and Celeste in even years.

Two years after the final parenting plan was entered, Emmett filed a "Petition to Change a Parenting Plan," along with a "Motion for Adequate Cause Decision," requesting a minor modification in the residential schedule. Emmett identified the change in circumstances as a new job and work schedule, and his desire to maximize time with D.M. He proposed a new residential schedule, beginning the morning of Emmett's first day off work until his last day off, totaling six overnights. Emmett asserted that the

---

[1] Because the parties share a last name, we will refer to each party by first name for clarity. No disrespect is intended to either party.

proposed change would not exceed more than 24 days each calendar year as required by RCW 26.09.260(5)(a).

In his declaration, Emmett explained the most common work schedule for non-commercial pilots is working seven consecutive days and then having seven consecutive days off. This was Emmett's schedule when the parenting plan was initially entered. Emmett, however, had to commute from Spokane to Seattle. To allow for this commute, the plan was written such that Emmett would pick up D.M. on his second day off and drop him off on his last day off. However, Emmett changed jobs to a new private air carrier with the same seven day on/seven day off schedule. Emmett explained that his new commute began on his first day on shift and that he did not have to account for the commute on his first day off. Accordingly, he asserted his new schedule gave him a full seven days off. Due to the extra day off work, Emmett represented his proposed change would add one additional overnight every other week for a total of 24 overnights a year.

The court held a hearing on Emmett's adequate cause motion. At the hearing, Emmett argued that adding one overnight stay every two weeks, taking into account the split parenting time for holidays and summer, did not exceed the statutory timeframe of 24 days. Additionally, he contended his new job warranted modification of the plan because it was a substantial change in circumstances. Celeste argued the current plan constrained Emmett to only 5 overnight stays in a 14-day period. Celeste asserted that

the additional overnight stay would exceed 24 days annually, Emmett already had adequate time with D.M., and there was not a substantial change in circumstances.

The court ultimately denied adequate cause, reasoning that Emmett did not meet his burden under RCW 26.09.260(5)(a) and (c). It found the modification would increase Emmett's parenting time by 26 days in one year. The court did not consider summer break or holidays in its calculation of parenting time. The court did not make any oral or written findings on whether Emmett's new work schedule constituted a substantial change in circumstances.

Emmett appeals.

ANALYSIS

Emmett argues the court abused its discretion when it denied adequate cause based on an improper calculation of parenting time, which excluded the impact of holidays and summer vacations. In response, Celeste contends the court's calculation of parenting time was reasonable given the irregularity of the parenting plan.

*Standard of Review and Legal Principles*

We review the trial court's order on adequate cause for abuse of discretion. *In re Marriage of Parker*, 135 Wn. App. 465, 471, 145 P.3d 383 (2006). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A decision is manifestly unreasonable if, based on the facts and the applicable

legal standard, the decision is outside the range of acceptable choices." *In re Custody of Halls*, 126 Wn. App. 599, 606, 109 P.3d 15 (2005). Where a trial court abuses its discretion by finding there is not adequate cause to hold a hearing on a parent's petition to modify a parenting plan, we generally will reverse and remand. *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 777-78, 440 P.3d 1055 (2019).

Relevant to this appeal, a petition seeking minor modification of the residential schedule set forth in a parenting plan must establish (1) a substantial change in circumstances, and (2) that the proposed modification does not exceed twenty-four full days in a calendar year. RCW 26.09.260(5); *In re Marriage of Hoseth*, 115 Wn. App. 563, 570, 63 P.3d 164 (2003).

A trial court shall deny a petition for modification of a parenting plan unless it finds, based on affidavits, that there is adequate cause for hearing the motion. RCW 26.09.270. Adequate cause requires the "petitioner to set forth specific factual allegations, which if proven would permit [the] court to modify the plan under RCW 26.09.260." *Bower v. Reich*, 89 Wn. App. 9, 14, 964 P.2d 359 (1997).

Here, in order to establish adequate cause for a hearing, Emmett was required to show that there had been a substantial change in circumstances and that his proposed changes did not exceed 24 full days in a calendar year. The trial court concluded that Emmett failed to show that his proposed changes did not exceed 24 full days but did not determine whether Emmett's petition demonstrated a substantial change in

5

circumstances. This was not necessarily an abuse of discretion, but it does limit our review.

On appeal, the parties dispute the court's method of calculating the requested parenting time under RCW 26.09.260(5)(a). Emmett points out that the statute contemplates changes of 24 full days or less in a calendar year and the trial court admittedly "did not consider summer break or holidays in its calculation." Clerk's Papers (CP) at 79. Celeste responded that even considering the full year, Emmett's proposed changes would result in a change of more than 24 full days in even years when he otherwise gets more overnights due to the rotating holiday schedule.

The trial court's failure to consider the impact of Emmett's proposed changes on the yearly schedule was an abuse of discretion given the language of the statute. The calculation is admittedly confusing and we do not endeavor to count the days on appeal. Since Emmett has made a plausible showing that his proposed schedule would not result in changes exceeding 24 full days in a calendar year, this is sufficient to establish adequate cause. *See Parker*, 135 Wn. App. at 473.

Celeste contends that we can affirm on the alternative grounds that Emmett failed to establish a substantial change in circumstances. We agree that had the trial court made this determination, we could affirm on this ground. But it did not decide whether Emmett demonstrated a substantial change in circumstances and we will not decide adequate cause for the first time on appeal.

We reverse and remand with instructions for the court to determine if Emmett demonstrated a substantial change in circumstances sufficient to demonstrate adequate cause for a hearing on his petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Murphy, J.