[No. 33362. *En Banc.* March 15, 1956.]

ALVIN C. KLETTKE, *Respondent*, v. EVELYN L. KLETTKE, *Appellant*.[1]

*Hamblen, Gilbert & Brooks*, for appellant.

*Del Cary Smith, Jr.*, and *Miller, Jansen & Sackmann*, for respondent.

[1] Reported in 294 P. (2d) 938.

FINLEY, J.—This is an appeal from an order modifying or changing the child custody provisions of a divorce decree.

Evelyn and Alvin Klettke were married on June 4, 1946. In 1953, they separated. Immediately thereafter, Alvin Klettke filed suit for a divorce. Among other things, he alleged that Evelyn Klettke was not a fit and proper person to have the custody of the child of the parties and asked that custody of the minor child be given to him. While the suit was pending, the parties entered into a settlement agreement. It provided that Evelyn would have custody of the child, subject to visitation rights by Alvin and the right to have the child visit him during the summer months. An order of default was entered against defendant Evelyn L. Klettke. On May 28, 1954, plaintiff Alvin Klettke was awarded a decree of divorce; custody of the minor child was awarded to Evelyn L. Klettke, the defendant. The trial court made no finding as to the fitness of Evelyn Klettke respecting custody of the minor child, but its finding of fact No. 5 read:

"That the plaintiff is agreeable to the defendant having the care, custody and control of Sandra Ann Klettke, the minor child of the parties hereto, and is willing to pay the sum of $50.00 per month for the support and maintenance of said minor child while she is in defendant's care and custody."

On August 19, 1954, Alvin Klettke petitioned the court for modification of the divorce decree, alleging:

"3. That since the entry of the said Decree of Divorce, the circumstances and conditions of the parties have changed to the extent that the interest and welfare of the said minor child would be best served if the Decree of Divorce were modified to the extent that plaintiff be given full care, custody and control of said minor child. That in July of 1954 plaintiff went to California, where defendant is living with her parents, and visited the home where defendant expects to keep and care for the said child. That the said home does not have the proper facilities for raising and caring for a four year old child. That the home is frequently visited by rude, ill-mannered and profane persons, whose influence and presence would be harmful to the said child. That in particular, the home and the defendant are

frequently visited by a certain man who had improperly associated with defendant prior to her divorce and who was in fact largely responsible for defendant deserting plaintiff and abandoning his household. That the said home is the scene of continual fighting, nagging and profanity.

"4. . . .

"5. That plaintiff is and defendant is not a fit and proper person to have the care, custody and control of the said child."

Before the time of the hearing on the modification petition on November 29, 1954, Alvin Klettke had remarried and had established a home.

In reaching a decision in the modification proceedings, the trial judge relied upon *White v. White*, 24 Wn. (2d) 52, 163 P. (2d) 137, wherein the court (referring to the particular circumstances there involved) said:

*"This being a default order, no finding was made as to the fitness of either parent to have custody of the child. The best interest of the child being the paramount concern of the court, we hold that in such a case, a petition to modify will lie without allegations of change of conditions and circumstances, since it constitutes the court's first opportunity to pass upon adequately presented evidence."* (Italics ours.)

The trial judge emphasized the fact that Evelyn Klettke had not appeared in the divorce proceedings; that the decree with its custody provisions was entered by default; that no finding was made and entered in the divorce proceedings as to whether Evelyn Klettke was a fit and proper person to have custody. He then determined that Evelyn Klettke was unfit and that Alvin Klettke was a fit person to have the custody of their minor child. He signed findings of fact and conclusions of law, which stated:

"That the welfare of said child is the paramount consideration of the Court and that the mental, moral, physical and spiritual welfare of said child will best be served by modification of the divorce decree by awarding custody of said child to the plaintiff."

The trial judge then signed an order transferring the custody of the child to Alvin Klettke. Evelyn Klettke has appealed. She contends that conditions and circumstances

had not changed sufficiently, subsequent to the entry of the divorce decree, to justify a change in the custody of the minor child.

We wish to observe that in divorce actions involving minor children it is highly desirable that divorce court judges should pass upon the question of custodial fitness of the parents, and that such action should be reflected clearly in the record of the proceedings; otherwise, too much is left open to speculation. It may, thereafter, be contended that the custody arrangement, as made by the divorce court, was a temporary one and that the court did not pass upon the question of the custodial fitness of either parent; or, on the other hand, it may be contended to the contrary—that the action of the court in giving custody to one parent implied that the question of fitness had been considered and that the court had determined the parent to whom custody was awarded was a fit and proper person.

■ It is not necessary for us to base our disposition of the instant case upon the language of the decision in the *White* case, *supra,* and we refrain from doing so. In *Wilcox v. Wilcox,* 32 Wn. (2d) 633, 203 P. (2d) 328, the court stated:

"The question of the power of the court to modify a custody order has been before this court on many occasions, and we have adopted the rule that the court has such power when (a) there has been a material change in the conditions or fitness of the parties, or (b) the welfare of the children would be promoted thereby. *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605, and prior cases cited in the opinion; *White v. White*, 24 Wn. (2d) 52, 163 P. (2d) 137. The *Beers* case has been cited and followed in our subsequent cases and the rules pronounced therein have not been modified. In applying the foregoing rules, the court has had in mind as a paramount consideration the welfare of the minor children."

■ Thus, a change in custody would seem to be justified under *either* of two conditions, when (a) there has been a material change in conditions or fitness of the parties, or (b) the welfare of the children would be promoted thereby. In a number of cases the court has strongly emphasized that, after a custody arrangement has been settled or fixed by

the court, a *change in conditions or circumstances* is requisite for a change in custody. The underlying reasoning is sound. Changes in custody can be and usually are upsetting to children. Consequently, a change in custody should be made only when the welfare of the child or children is an overriding and clearly compelling consideration. Any change in the conditions or circumstances of either parent is of little moment in custody matters, *unless the welfare of the children is directly and significantly affected thereby.* Thus, the phrase, *a change in conditions*, in application and meaning actually relates to the welfare of the children involved; and, upon analysis, the requirement that a change of conditions be shown in order to modify custody provisions is simply another way of stating that a showing must be made that the welfare and the best interests of the children clearly require a change in custody.

In the instant case, the evidence was somewhat conflicting. But the trial judge apparently believed the testimony of several witnesses which indicated that conditions under which the minor child lived with her mother in California were not conducive to her physical and emotional welfare and to her general well-being; but that the conditions under which the child lived with her father in the state of Washington were conducive to her best interests and welfare.

The trial courts are vested with broad judicial discretion in determining the matter of the custody of a minor child. When such discretion is exercised, it should not and will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion. *Borenback v. Borenback*, 34 Wn. (2d) 172, 208 P. (2d) 635; *Lundin v. Lundin*, 42 Wn. (2d) 186, 254 P. (2d) 460. We are convinced that the modification order of the trial court in the instant case should be affirmed. It is so ordered.

HAMLEY, C. J., MALLERY, SCHWELLENBACH, HILL, DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

OTT, J., did not participate.