[No. 2280-1.     Division One.     December 16, 1974.]

CAROL SELIVANOFF, *Petitioner*, v. GENNADY MICHAEL SELIVANOFF, *Respondent*.

*Bogle, Gates, Dobrin, Wakefield & Long* and *Thomas L. Morrow*, for petitioner.

*Linda L. Dawson*, for respondent.

FARRIS, J.—Carol Schifsky, formerly Carol Selivanoff, and Gennady Michael Selivanoff were divorced by decree entered May 7, 1971. Six minor children who were born to and adopted by the parties were placed in her custody. On January 8, 1974, pursuant to a petition for modification filed by the father, the trial court entered an order expanding his visitation rights. The now Mrs. Schifsky by writ of certiorari petitioned this court for review of the order. We affirm.

The writ questions whether there was a clear showing of a material change in circumstances sufficient to permit the court to modify and, if so, whether the disposition made by the court is clearly in the best interests of the welfare of the minor children.

Mr. Selivanoff argued in support of the modification order that either a finding of a material change in circumstances *or* a determination that the best interest of the children clearly necessitated the modification would justify the trial court's order modifying visitation rights. He asserted that the record upholds the trial court's order under either standard. Mrs. Schifsky argued that the finding of a material change in circumstances is a prerequisite to any modification of a custody or visitation provision in a divorce decree. She argued that not only was there no material change but the welfare of the children clearly did not require the modification.

The legal arguments of both parties find support in cases on the issue. *In re Rankin*, 76 Wn.2d 533, 458 P.2d 176 (1969); *Rivard v. Rivard*, 75 Wn.2d 415, 451 P.2d 677 (1969); *Klettke v. Klettke*, 48 Wn.2d 502, 294 P.2d 938 (1956); *Brim v. Struthers*, 44 Wn.2d 833, 271 P.2d 441 (1954).

■ The Supreme Court considered the issue in *Klettke v. Klettke, supra* at 505-06, which is relied upon by both parties:

Thus, a change in custody would seem to be justified under *either* of two conditions, when (a) there has been a material change in conditions or fitness of the parties, or (b) the welfare of the children would be promoted thereby. In a number of cases the court has strongly emphasized that, after a custody arrangement has been settled or fixed by the court, a *change in conditions or circumstances* is requisite for a change in custody. The underlying reasoning is sound. Changes in custody can be and usually are upsetting to children. Consequently, a change in custody should be made only when the welfare of the child or children is an overriding and clearly compelling consideration. Any change in the conditions or circumstances of either parent is of little moment in cus-

tody matters, *unless the welfare of the children is directly and significantly affected thereby.* Thus, the phrase, *a change in conditions,* in application and meaning actually relates to the welfare of the children involved; and upon analysis, the requirement that a change of conditions be shown in order to modify custody provisions is simply another way of stating that a showing must be made that the welfare and the best interests of the children clearly require a change in custody.

Although *Klettke* involved a change in custody, which has a greater likelihood of "upsetting the children" than a change in visitation rights, the decision is controlling authority in the modification of visiting rights. *Malfait v. Malfait,* 54 Wn.2d 413, 341 P.2d 154 (1959). *See also Rivard v. Rivard, supra.*

■ What is a material change in circumstances will vary in each case but change in age with nothing more is seldom, if ever, sufficient. Here, however, there is an additional factor; the mother has remarried. In so doing, she has provided the children with a second father figure, which, because of the children's ages and the fact that the mother has custody, could detrimentally affect the status of the natural father in the eyes of the children. Further, the record supports a finding that the parties had experienced a breakdown in communication so that the provision in the original decree which states

upon agreement by plaintiff and defendant, the visitation rights can be extended without court approval

was rendered meaningless. A material change in condition can be deemed to occur where a provision in the original decree anticipates cooperation and that cooperation is not forthcoming. In an analogous situation, a decree providing for "reasonable visitation rights" was "clarified" by a provision setting forth a rigid schedule where it was found that the parties were not cooperating as was anticipated under the original decree. *Rivard v. Rivard, supra.* The record therefore supports the trial court's finding of a material change in circumstances.

Further, there is substantial evidence in the record to support a finding that the *welfare of the children is directly and significantly affected thereby.* *Klettke v. Klettke, supra* at 506. The record includes testimony of a family court caseworker which, if believed, supports the court's decision to modify. The caseworker testified that the children had requested modification, that they were often forced to serve as mediators between the uncooperating parents, and that the remarriage of the mother had detrimentally affected the welfare of the children in that the presence of the new father threatened the status of Mr. Selivanoff and his relationship with the children.

█ Whether this court or another court would have modified the original decree or entered an identical order is not the question on review. The question is whether the modification order constitutes a manifest abuse of discretion. *Peugh v. Peugh,* 67 Wn.2d 469, 408 P.2d 10 (1965).

The trial court heard and considered disputed evidence. We cannot find upon the record before us that the order entered is a manifest abuse of the trial court's discretion.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.