[No. 21534-2-III.   Division Three.   August 19, 2003.]

*In the Matter of the Marriage of* STEVEN LEE TOMSOVIC, *Appellant*, and JANICE KAY TOMSOVIC, *Respondent*.

*Jennifer A. Ewers*, for appellant.
*Guy C. Nelson*, for respondent.

SCHULTHEIS, J. — Steven Tomsovic petitioned for a minor modification of the parenting plan he and his ex-wife entered into during their marital dissolution. The trial court found inadequate cause for a hearing and dismissed the petition. On appeal, Mr. Tomsovic contends the trial court improperly applied the standards for major modifications to this minor modification. He also contends the trial court erred in finding that he did not establish a substantial change in circumstances justifying minor modification of the residential schedule. Because we find that the burden of establishing a substantial change in circumstances is the same for both minor and major modifications, and further find that Mr. Tomsovic failed to carry this burden, we affirm.

FACTS

Mr. Tomsovic and his wife, Janice Tomsovic (now Tervonen), divorced in 1996. The couple had two minor sons, and entered into a parenting plan that granted Ms. Tervonen primary residential custody, with visitation to Mr. Tomsovic based on a complicated schedule.

At the time of the divorce, Ms. Tervonen lived in Seattle and Mr. Tomsovic lived in Pullman, where he worked as a

physics professor at Washington State University (WSU).[1] The parenting plan established three schedules for visitation based on the distance between the parties: (1) "close proximity," which allowed Mr. Tomsovic to pick up the children from school for weekly visits and to spend alternate weekends with the boys; (2) "Zone A," adopting a different schedule when the parents do not live in close proximity but do live within 400 miles of each other; and (3) "Zone B," which recognized that Mr. Tomsovic teaches occasionally out of state, or more than 400 miles away. Clerk's Papers (CP) at 2-3. A monthly visitation schedule was set out in the parenting plan for all three zones. The plan also provided that any disputes between the parties, other than disputes concerning child support, must be submitted to binding arbitration.

In April 2002, when the sons were 15 and 12 years of age, Mr. Tomsovic filed a petition for modification of the parenting plan residential schedule. Mr. Tomsovic claimed that a substantial change in circumstances—occasioned by Ms. Tervonen's marriage and relocation to another part of King County, as well as his relocation to Moscow, Idaho—justified a minor modification of the parenting plan pursuant to RCW 26.09.260(5).[2] He argued that his proposed modifications, which among other things gave him custody during

---

[1] Mr. Tomsovic was teaching for the spring semester in Santa Barbara, California, at the time the parenting plan was filed, but his permanent address was in Pullman.

[2] RCW 26.09.260 allows minor adjustments of a prior custody decree when certain factors are met:

(5) The court may order adjustments to the residential aspects of a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) of this section, if the proposed modification is only a minor modification in the residential schedule that does not change the residence the child is scheduled to reside in the majority of the time and:

(a) Does not exceed twenty-four full days in a calendar year; or

(b) Is based on a change of residence of the parent with whom the child does not reside the majority of the time or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow; or

(c) Does not result in a schedule that exceeds ninety overnights per year in total, if the court finds that, at the time the petition for modification is filed, the

most of the spring and summer school breaks, added fewer than 24 days to his visitation schedule. He also requested changes in the transportation arrangements and dispute resolution sections of the parenting plan. In the affidavit supporting the petition, Mr. Tomsovic complained that the plan gave Ms. Tervonen too much discretion, and that she made it difficult for him to see the boys.

Ms. Tervonen moved to dismiss the petition, arguing that Mr. Tomsovic's complaints were untruthful and that his proposed changes would give him an average of 28 additional days per year. Because the proposed modifications in the residential schedule would give Mr. Tomsovic most of the boys' vacation time, she asserted that father would become the fun parent while mother would become the taskmaster.

After an adequate cause hearing held in June 2002, the trial court found that adequate cause did not exist to schedule the matter for a modification hearing. The court found that a change in residence from one part of King County to another (Ms. Tervonen) and "the few miles" from Pullman to Moscow, Idaho (Mr. Tomsovic) did not constitute a substantial change in circumstances because Mr. Tomsovic made no showing that these relocations made the residential schedule impractical to follow. CP at 54. The court also found that Mr. Tomsovic failed to show that these moves and Ms. Tervonen's remarriage had any detrimental effect on the children. Because none of these changes were unanticipated by the parties, the court concluded, they did not amount to a substantial change in circumstances supporting a minor modification under RCW 26.09.260(5). The court also found insufficient evidence to support modification of the transportation or dispute resolution provisions.

In his motion for reconsideration, Mr. Tomsovic argued that the trial court improperly applied the heightened

decree of dissolution or parenting plan does not provide reasonable time with the parent with whom the child does not reside a majority of the time, and further, the court finds that it is in the best interests of the child to increase residential time with the parent in excess of the residential time period in (a) of this subsection.

standard appropriate to major modifications, rather than the more relaxed standard used for minor modifications of the residential schedule. Additionally, he asserted he had not understood what was needed to show a substantial change in circumstances. Accordingly, he presented additional evidence in his affidavit supporting the motion. In this affidavit, he explained that he had a domestic relationship with a woman who had two sons who had become good friends with his sons. He argued that, because he was now the chair of the WSU physics department, he had to remain on campus for extended stretches of time, making the three-day visits provided in the parenting plan a problem. He also claimed he needed longer blocks of vacation periods due to his work schedule. Mr. Tomsovic explained that he agreed to the original parenting plan because his former attorney warned him that Judge Wallis W. Friel would give him less time with the boys. He claimed he waited until Judge Friel retired before moving to modify.

The trial court denied the motion for reconsideration. Mr. Tomsovic filed a timely notice of appeal.

### MODIFICATION OF THE PARENTING PLAN

Modification of a parenting plan is statutorily prescribed by RCW 26.09.260. *Bower v. Reich*, 89 Wn. App. 9, 14, 964 P.2d 359 (1997). Compliance with the statute is mandatory. *Id.* Under subsection (1) of the statute, the court is directed that it shall not modify a custody decree or parenting plan unless it finds a substantial change in the circumstances of the child or the nonmoving party, and that modification is necessary to serve the best interests of the child. RCW 26.09.260(1). Subsection (2) directs the court to retain the residential schedule established in the parenting plan unless specific enumerated circumstances support modification. RCW 26.09.260(2). These subsections apply to major modifications of the residential schedule and establish a preference for stability in the child's living arrangements. *Bower*, 89 Wn. App. at 15.

■ For minor modifications to the residential schedule, RCW 26.09.260(5) establishes more relaxed requirements. Upon a showing of substantial change in the circumstances of either parent (as opposed to the nonmoving parent in a major modification) or of the child, the court may adjust the residential schedule of the child without a showing of the factors in subsection (2) if the proposed modification is "minor," does not change the child's primary residence, and (a) does not exceed 24 days per year, or (b) is based on the noncustodial parent's change of residence or a parent's involuntary change in work schedule that makes the current residential schedule impractical to follow, or (c) does not result in a schedule that exceeds 90 overnights per year, if the court additionally finds that the parenting plan does not provide reasonable time with the noncustodial parent and that it is in the best interests of the child to increase residential time beyond 24 days per year. RCW 26.09.260(5).

■ ■ To establish that he or she is entitled to a full hearing on a petition to modify a residential schedule, the petitioner must first demonstrate that adequate cause exists. RCW 26.09.270; *Bower*, 89 Wn. App. at 14. Along with the motion to modify, the petitioner must submit affidavits with specific relevant factual allegations that, if proved, would permit a court to modify the parenting plan under RCW 26.09.260. RCW 26.09.270; *In re Marriage of Flynn*, 94 Wn. App. 185, 191, 972 P.2d 500 (1999); *Bower*, 89 Wn. App. at 14. If the trial court finds that the affidavits establish a prima facie case, it sets a hearing date on an order to show cause why the requested modification should not be granted. RCW 26.09.270; *Flynn*, 94 Wn. App. at 189-90. The trial court's adequate cause determination may be overturned only for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 126, 65 P.3d 664 (2003).

■ ■ In the present case, the trial court concluded adequate cause had not been demonstrated to authorize a full hearing on the motion to modify the residential schedule. The court based this decision on a finding that Mr.

Tomsovic had not established a substantial change in the circumstances of the parties. Mr. Tomsovic challenges this conclusion on two fronts, arguing that the court improperly construed the terms "substantial change in circumstances," and erred in finding no substantial change in circumstances. The first of these arguments involves statutory interpretation and is therefore a question of law reviewed de novo. *Medcalf v. Dep't of Licensing*, 133 Wn.2d 290, 297, 944 P.2d 1014 (1997). The second argument is a question of fact and subject to review for abuse of discretion. *Jannot*, 149 Wn.2d at 126-27.

I. Meaning of "substantial change in circumstances." In the subsections concerning major modifications of the parenting plan as well as the subsection relating to minor modifications of the parenting plan, RCW 26.09.260 provides that the petitioner must first establish a substantial change in the circumstances of the child or nonmoving parent (major modification, RCW 26.09.260(1), (2), (3)), or of the child or either parent (minor modification, RCW 26.09.260(5)). What constitutes a substantial change in circumstances is not defined. Mr. Tomsovic contends the burden of establishing a substantial change in circumstances is lighter in a petition for a minor modification of the residential schedule.

In *In re Marriage of Hoseth*, 115 Wn. App. 563, 569-70, 63 P.3d 164 (2003), *petition for review filed* No. 73779-7 (Wash. Mar. 28, 2003), this court interpreted for the first time the legislature's intent in enacting the provisions for a minor modification under RCW 26.09.260(5). Citing RCW 26.09.260(1), a major modification subsection, we held that the trial court must base its determination of a substantial change in circumstances on facts unknown to the court at the time of the prior decree or plan or arising since entry of the decree or plan. We also held that unknown facts include those facts that were not anticipated by the court at the time of the prior decree or plan. *Hoseth*, 115 Wn. App. at 570-71. Implicit in *Hoseth* is the understanding that the threshold finding of a substantial change in cir-

cumstances is the same for either a major or a minor modification of the residential schedule. Principles of statutory construction support this interpretation.

The same words used in different parts of the same statute are presumed intended by the legislature to have the same meaning. *Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 313, 884 P.2d 920 (1994). Nothing in the minor modification subsection of RCW 26.09.260 indicates that the legislature intended to apply a different standard for a substantial change in circumstances than is used for a major modification. Once a threshold showing of a substantial change in circumstances is made, the petitioner must meet stringent requirements for a modification that is considered major and less stringent requirements for a modification that is considered minor. *See* RCW 26.09.260(1), (2), (5). In either case, however, the petitioner must first show a substantial change in circumstances. The only difference is that the change must be to the circumstances of the nonmoving party or the child for a major modification, or to either parent or the child for a minor modification. RCW 26.09.260(1), (5). While a new residence or domestic situation may constitute a change in circumstances, it is in the trial court's broad discretion to determine whether that change should be characterized as substantial. *Hoseth*, 115 Wn. App. at 572.

II. Prima facie case of substantial change in circumstances. Mr. Tomsovic's petition for modification of the residential schedule alleged the following substantial change in circumstances: "The mother has moved and remarried, and the father has moved." CP at 17. Relocation of either parent is a changed circumstance that may justify a minor modification, but only if the original parenting plan did not anticipate relocation. *Hoseth*, 115 Wn. App. at 572-73. The Tomsovic plan explicitly set out three residential schedules based on the proximity of the parents. Relocation was not only anticipated, but planned for. Additionally, the trial court found that Ms. Tervonen's relocation from one part of King County to another and Mr. Tomsovic's

move the short distance from Pullman, Washington to Moscow, Idaho were fairly insignificant. The court also noted that Mr. Tomsovic made no showing that the changes of residence made the residential plan impractical to follow, citing former RCW 26.09.260(4)(b)(iii) (1991), *recodified as* RCW 26.09.260(5)(b). Although the factors supporting a minor modification under RCW 26.09.260(5) are normally addressed only after the court has found a substantial change in the parties' or child's circumstances, consideration of this factor is also proper in the context of what constitutes a substantial change. *See Hoseth*, 115 Wn. App. at 572.

The trial court additionally found that Ms. Tervonen's remarriage did not constitute a substantial change in circumstances. Although it recognized that in *Selivanoff v. Selivanoff*, 12 Wn. App. 263, 529 P.2d 486 (1974) the mother's remarriage was found to be a material change in circumstances, the trial court also noted that the remarriage in *Selivanoff* adversely affected the children. The *Selivanoff* court found that the provision of a "second father figure" could detrimentally affect the status of the biological father. *Id.* at 265. No argument was made here that Ms. Tervonen's remarriage had any effect on the children or on the residential schedule beyond causing her to relocate.

Finally, the trial court found that Mr. Tomsovic failed to show that the residential changes and Ms. Tervonen's remarriage were detrimental to the children. Mr. Tomsovic correctly notes that detriment to the child's physical, mental, or emotional health is a factor considered only in ordering a major modification of a residential schedule. RCW 26.09.260(2)(c). In setting forth a prima facie case for minor modification, Mr. Tomsovic was not required to show that the current change in circumstances was detrimental to his children. *See* RCW 26.09.260(5); *Bower*, 89 Wn. App. at 18. The trial court erred in considering this factor. However, the primary thrust of the trial court's decision—its finding that the relocation of the par-

ties was anticipated in the parenting plan and did not under these circumstances materially affect the residential schedule under the plan—amply supports the trial court's conclusion that Mr. Tomsovic failed to establish a substantial change in circumstances justifying a minor modification. *See In re Marriage of Hansen*, 81 Wn. App. 494, 498, 914 P.2d 799 (1996) (the trial court's findings will be upheld if supported by substantial evidence).

After the trial court ruled that adequate cause did not exist to schedule a modification hearing, Mr. Tomsovic moved to reconsider and attached additional evidence of a substantial change in circumstances. This evidence included his declaration that he has a new domestic relationship with a woman whose two sons are friends with his sons, that Ms. Tervonen has refused to cooperate pursuant to the parenting plan in arranging visitation, and that his new job as department chair has limited his flexibility to schedule visits with the children. Citing CR 60(b)(1),[3] he argued that the trial court should vacate the dismissal of his petition because he "mistakenly did not understand the level of evidence required for the adequate cause hearing and did not advise his attorney of significant changes in his personal and employment circumstances since entry of the Parenting Plan." CP at 59. Ms. Tervonen challenged the admission of this new evidence, and the trial court addressed only the allegation of her noncooperation. Noting that the parenting plan contains a dispute resolution mechanism, the court concluded that any argument of noncompliance with the plan should be addressed in mediation.

■ On appeal, Mr. Tomsovic again presents the evidence submitted for the first time in his motion for reconsideration. We will not reverse a trial court's ruling on a motion for reconsideration or for vacation of the judgment absent a showing of manifest abuse of discretion. *Wagner*

---

[3] The trial court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, excusable neglect, or irregularity in obtaining the judgment or order. CR 60(b)(1).

*Dev., Inc. v. Fid. & Deposit Co. of Md.*, 95 Wn. App. 896, 906, 977 P.2d 639 (1999); *In re Marriage of Wherley*, 34 Wn. App. 344, 348, 661 P.2d 155 (1983). Reconsideration is warranted if the moving party presents new material evidence that could not have been produced at trial. CR 59(a)(4). However, evidence presented for the first time in a motion for reconsideration without a showing that the party could not have obtained the evidence earlier does not qualify as newly discovered evidence. *See Morinaga v. Vue*, 85 Wn. App. 822, 831, 935 P.2d 637 (1997).

The additional evidence Mr. Tomsovic presented to the trial court in the motion for reconsideration was available at the adequate cause hearing, and he fails to adequately explain why he should be excused for neglecting to bring these arguments to the court's attention. Considering the strong policy favoring custodial continuity and against disrupting children with modification, *In re Marriage of Pape*, 139 Wn.2d 694, 709, 989 P.2d 1120 (1999), neglect in supporting a motion for modification with available evidence should rarely be justified as excusable. On the basis of the record properly before the trial court, we find that the court did not abuse its discretion in denying the motion for reconsideration or the motion to vacate.

ATTORNEY FEES

Citing RAP 18.9, CR 11, and *In re Marriage of Wagner*, 111 Wn. App. 9, 44 P.3d 860 (2002), Ms. Tervonen requests attorney fees for defending against a frivolous appeal. She contends there is no reasonable possibility of reversal under an abuse of discretion standard based on the facts and issues considered by the trial court, and argues that Mr. Tervonen improperly asks this court to consider facts and issues not presented at the adequate cause hearing. Mr. Tomsovic responds that this appeal cannot be termed frivolous because it requires an interpretation of RCW 26.09.260(5), which has no clear precedent.

RAP 18.9 allows this court to sanction a party who files a frivolous appeal. An appeal is frivolous if it is so

totally devoid of merit that there is no reasonable possibility of reversal. *Wagner*, 111 Wn. App. at 18-19. The fact that an appeal is unsuccessful is not dispositive. *Id.* We consider the record as a whole and resolve all doubts in favor of the appellant. *Id.*

Although Mr. Tomsovic's petition for modification of the residential schedule was properly dismissed, his appeal is not frivolous. He raises an issue never directly addressed in a published opinion: whether the standard for finding a substantial change of circumstances is the same for both major and minor modifications of a parenting plan under RCW 26.09.260. Consequently, Ms. Tervonen's request for attorney fees as a sanction for filing a frivolous appeal is denied.

Affirmed.

SWEENEY and KURTZ, JJ., concur.