# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parentage of<br><br>D.M.,<br>                Minor child.<br><br>KEVIN SUVER,<br><br>            Appellant<br><br>     and<br><br>REBECCA MALLOY,<br><br>          Respondent. | No. 70025-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br>FILED: March 17, 2014 |

GROSSE, J. — A party seeking to modify a parenting plan must provide evidence to establish the facts supporting the requested modification. Where the evidence fails to establish adequate cause for a hearing, the court must deny the motion. Here, the evidence submitted by the father failed to demonstrate a substantial change in circumstances that was not contemplated when the original parenting plan was entered. Therefore, the trial court properly exercised its discretion in determining there was not adequate cause for a hearing. We affirm.

## FACTS

Kevin Suver and Rebecca Malloy are the parents of D.M., a four-year-old girl. In July 2011, when D.M. was a year old, the court entered a final parenting plan. The plan provides for D.M. to reside with Malloy the majority of the time, but also provides for residential time with Suver on Tuesdays, Thursdays, and alternating weekends. The first alternating weekend, Suver's residential weekend starts at 10:00 a.m. on Sunday and on the second alternating weekend,

it starts at 5:00 p.m. on Saturday. Suver's residential weekends end on Monday morning by 9:00 a.m. or earlier, depending on day care opening hours. Suver was unemployed at the time the parenting plan was entered.

In June 2012, Suver filed a motion to modify the residential provisions of the parenting plan. He alleged a substantial change of circumstances based on the fact that he had obtained employment and his work schedule made it "very difficult, if not impossible" to adhere to the residential weekend times as set forth in the parenting plan.

Suver filed a declaration in support of his motion. He listed the following "primary" reasons for seeking modification: (1) his work schedule interfered with the requirement that he return D.M. to day care on alternate Monday mornings, (2) a prior court order regarding the manner of exchanging the child was unworkable in the long term, (3) Malloy refused to provide information about the child, (4) Malloy refused to allow his fiancée to transport the child which inhibited his ability to exercise his residential time, (5) the parenting plan did not provide for certain holidays to alternate on a yearly basis until the child reaches first grade, and (6) the dispute resolution provisions of the parenting plan were ineffective. With respect to his work schedule, Suver said that while D.M.'s day care would allow him to drop her off at 6:30 a.m., it was impossible for him to do so because his work starts at 6:00 a.m. Suver proposed a residential schedule that would provide for residential time every other weekend from Friday at 3:30 p.m. until 7:00 p.m. on Sunday.

A court commissioner determined there was not adequate cause for a hearing on the motion to modify because Suver failed to show an unanticipated

substantial change in circumstances. The commissioner's order denied the motion without prejudice, stating: "The parenting plan contemplated a change in work schedule and the father's schedule does not conflict."

Suver filed a motion to revise the commissioner's ruling. Among other issues, he challenged the commissioner's determination that his work schedule did not conflict with the residential provisions of the parenting plan.

Following a hearing, the superior court declined to revise the commissioner's order.[1] The superior court determined:

> The Petitioner did not establish the existence of a substantial change of circumstances. The petitioner alleged a change in his work schedule made the parenting plan impractical to follow. The parenting plan was entered at a time the petitioner was not employed and contemplated that the petitioner would become employed. The petitioner did not establish that his work hours were unanticipated, nor that the work hours made the parenting plan impractical to follow. Other allegations made by the petitioner related to the conflict between the parties were not new, and did not otherwise rise to the level of establishing adequate cause sufficient to justify a trial, or change to the residential schedule or other provisions in the parenting plan.

The trial court later denied Suver's motion for reconsideration and he now appeals.

## ANALYSIS

Suver challenges the denial of his motion to modify the parenting plan and the determination that he failed to establish adequate cause for a hearing. Malloy has not filed a brief in response to Suver's appeal.

---

[1] The court did, however, strike the commissioner's finding that the parties failed to engage in alternative dispute resolution in good faith and determined that the commissioner improperly inquired into settlement negotiations.

RCW 26.09.260(5) provides for minor modifications to the residential terms of a parenting plan. The applicable provision, RCW 26.09.260(5)(b), states, in relevant part:

> The court may order adjustments to the residential aspects of a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child . . . if the proposed modification is only a minor modification in the residential schedule that does not change the residence the child is scheduled to reside in the majority of the time and:
>
> . . .
>
> (b) Is based on a change of residence of the parent with whom the child does not reside the majority of the time or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow;
> . . . .[2]

According to RCW 26.09.270, a party seeking to modify a final parenting plan must file a motion supported by an affidavit "setting forth facts supporting the requested order or modification." The court "shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits."[3]

In an appeal from a decision granting or denying a motion to revise a commissioner's ruling, we review the decision of the superior court on revision, not the commissioner's ruling.[4] Where, as here, the superior court makes

---

[2] Minor modifications also do not exceed 24 full days in a year, nor result in a schedule that exceeds 90 overnights per year in total. RCW 26.09.260(5)(a), (c).

[3] RCW 26.09.270.

[4] In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010); Boeing Emps. Credit Union v. Burns, 167 Wn. App. 265, 270, 272 P.3d 908, review denied, 175 Wn.2d 1008 (2012).

4

independent findings and conclusions, the order on revision supersedes the commissioner's ruling.[5]

A trial court's adequate cause determination under RCW 26.09.270 will not be reversed absent an abuse of discretion.[6] Discretion is abused if the court's decision is manifestly unreasonable or based on untenable grounds or untenable reasons.[7]

"The primary purpose of the threshold adequate cause requirement is to prevent movants from harassing nonmovants by obtaining a useless hearing."[8] At a minimum, adequate cause requires the production of evidence sufficient to support a finding on each fact the moving party must prove to modify the parenting plan.[9]

To establish adequate cause, the petitioner has the burden of showing a substantial change of circumstances.[10] The determination of a substantial change must be grounded on facts that "have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan."[11] Unknown facts are those not anticipated by the court at the time of the prior decree or plan.[12]

---

[5] In re Guardianship of Knutson, 160 Wn. App. 854, 863, 250 P.3d 1072 (2011); In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004).
[6] In re Parentage of Jannot, 149 Wn.2d 123, 126, 65 P.3d 664 (2003); In re Marriage of Tomsovic, 118 Wn. App. 96, 104, 74 P.3d 692 (2003).
[7] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).
[8] In re Marriage of Adler, 131 Wn. App. 717, 724, 129 P.3d 293 (2006).
[9] In re Marriage of Lemke, 120 Wn. App. 536, 540, 85 P.3d 966 (2004).
[10] Tomsovic, 118 Wn. App. at 106.
[11] RCW 26.09.260(1).
[12] In re Marriage of Hoseth, 115 Wn. App. 563, 570, 63 P.3d 164 (2003).

Suver claims that he established a substantial change of circumstances because while it was contemplated that his employment status would change, his actual work hours were unknown and could not have been anticipated. He further contends that Malloy does not seriously dispute that his work begins at 6:00 a.m., and therefore, the court necessarily erred in concluding that it is practical to continue to follow the 2011 parenting plan provisions. Finally, he argues that we must review the superior court's decision de novo, because the court's ruling hinges on its interpretation of the statutory term "impractical."[13]

But to the contrary, the dispositive issue is not the court's interpretation of "impracticality" under RCW 26.09.260(5)(b), but its determination that Suver failed to meet the substantial change in circumstances threshold. And we do not review this issue de novo because it is well-settled that the trial court, not this court, stands in the best position to determine whether submitted documentary evidence establishes adequate cause for a full hearing on a motion to modify a parenting plan.[14] Here, Suver's declaration in support of modification stated the following facts:

> I am employed as a technical support worker in shipping and receiving. From November 2011 until very recently (when I was laid off due to production cuts), I was employed on a temporary basis by Volt, a temporary staffing agency. My work hours during that time frame were 6:00 a.m. until 2:30 p.m., Monday through Friday. The Parenting Plan now in effect has my residential weekend time ending at 9:00 a.m. two Mondays a month.

---

[13] See RCW 26.09.260(5)(b).

[14] See Jannot, 149 Wn.2d at 126; Tomsovic, 118 Wn. App. at 104; In re Marriage of Kinnan, 131 Wn. App. 738, 749-50, 129 P.3d 807 (2006); In re Marriage of Parker, 135 Wn. App. 465, 471, 145 P.3d 383 (2006).

In addition, Suver informed the court that his previous jobsite was in Everett. He explained that because he was unable to drop D.M. at day care at 6:30 a.m. in Redmond, his fiancée, Wendy Stewart, had been doing so.[15] He claimed this was a hardship for her because it resulted in a long commute and required waking the child "inordinately early" at 5:30 a.m. which is "not good for her." In response to Malloy's offer to take the child to day care on Monday mornings if he brought her home on Sunday evening, he said he was not willing to do so unless she would agree to start his weekend residential time earlier to make up for the time he would lose.

Suver submitted a second declaration about a month later, stating that he was now reemployed and his current working hours were the same as before: 6:00 a.m. to 2:30 p.m. Suver did not identify his employer, provide the location of his jobsite, nor state whether his employer had policies on leave or flex time, or whether he had been denied a request for accommodation. Acknowledging that the work schedule conflict existed for many months before he filed his motion to modify, he stated: "I have only been able to work and drop [D.M.] off for the last 10 months because I have to."

The 2011 parenting plan expressly anticipates a change in Suver's employment status. Suver provided no facts about his prior employment history or historical work schedule from which the court could conclude that his actual work hours were not encompassed within the expectation of his future employment. While Suver alleged that transporting D.M. on alternate Mondays

---

[15] A January 2013 court order expressly authorizes Stewart to transport the child to and from day care.

7

was a hardship for Stewart, he did not claim that his reliance on her help with transportation was unanticipated. To the extent Suver relied on other circumstances to warrant modification of the parenting plan provisions—such as an increasingly hostile relationship with Malloy and the child becoming older—neither of these circumstances amounts to an unanticipated change.[16] Based on the information before it, the superior court did not abuse its discretion when it found an absence of adequate cause for a full hearing because Suver's allegations were insufficient to meet his burden to establish an unanticipated substantial change in circumstances.

Suver relies on evidence he submitted for the first time in support of his motion for reconsideration, including a letter from his current employer confirming his work schedule of 6:00 a.m. to 2:30 p.m., and declarations from Stewart, stating that she is only able to take D.M. to day care without being late for work herself on days when school is not in session. According to Suver, this evidence shows that the superior court committed an error of law in determining that he was not entitled to a full hearing on his motion to modify.

But again, we review the denial of a motion for reconsideration for a manifest abuse of discretion.[17] A court does not abuse its discretion in refusing to reconsider based on evidence that could have been obtained earlier.[18] In this case, Suver provided no explanation for the failure to produce the evidence

---

[16] Moreover, as Suver eventually admitted, the modification he sought increased his residential time and exceeded more than 24 days in a calendar year and therefore did not meet the requirements for a minor modification under RCW 26.09.260(5)(a).

[17] Tomsovic, 118 Wn. App. at 108.

[18] Tomsovic, 118 Wn. App. at 109; Adams v. W. Host, Inc., 55 Wn. App. 601, 608, 779 P.2d 281 (1989).

8

before the trial court made its adequate cause determination. But even considering the evidence, nothing Suver submitted in support of the motion for reconsideration demonstrated that his work schedule was an unanticipated change of circumstances.

We affirm.

WE CONCUR:

2014 MAR 17 AM 10: 16
COURT OF APPEALS DIV I
STATE OF WASHINGTON